JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Wayne Humphrey pleaded guilty to two counts of nonsupport of dependents under R.C. 2919.21(A)(2), both felonies of the fourth degree. The dependents were his fourteen-year-old twin sons. Humphrey was initially sentenced to five years of community control. However, he violated numerous requirements of his community control. He was arrested for traffic charges; he was arrested for misuse of a credit card; he failed to complete his court-ordered community service; he failed to verify full-time employment; he failed to notify his probation officer of a change in residence; and he failed to report to the probation department. Humphrey received two 18-month sentences for the violations, the maximum he could receive. The trial court ordered that these sentences be served consecutively.
Humphrey has raised three assignments of error regarding his sentencing. All of his assignments are without merit.
Humphrey's first assignment of error alleges that the trial court abused its discretion by not continuing his community control. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[1] An abuse of discretion culminates in a result "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."[2]
The trial court did not abuse its discretion by failing to extend Humphrey's community control. R.C. 2929.15(B) permits the court to sentence the offender to prison as long as the term handed down is within the range available for the underlying offense. Eighteen months was the maximum Humphrey could have received on each nonsupport charge. Thus, the trial court acted within the permissible range. The court was justified in not extending community control. Humphrey had been warned when he was initially granted community control that if he violated it, he would receive the maximum prison term. Humphrey violated five different rules of his community control.
Humphrey also alleges an abuse of discretion because the trial court referred to child support as a moral obligation. The trial court should have refrained from commenting on morality, but to do so was not an abuse of discretion. While failure to pay child support may not be a moral obligation, it is without doubt a legal obligation, one Humphrey failed to comply with. Any references to morality were harmless error.
Intermingled in Humphrey's first assignment of error is the allegation that he should not have been sentenced on each count. Humphrey argues that a single sentence was more appropriate and should have been handed down because he only committed one crime. However, R.C. 2941.25 allows for a defendant to be convicted of two allied offenses when "the defendant's conduct constitutes two or more offenses of dissimilar import * * *." Failure to pay child support for two different children gives rise to offenses of dissimilar import.[3] "When an offense is defined in terms of conduct toward another, then there is a dissimilar import for each person affected by the conduct."[4] Each of Humphrey's sons was affected by his failure to pay child support, and it was not an abuse of discretion to sentence him on each count.
Humphrey's second and third assignments of error allege that the trial court erred in imposing maximum and consecutive sentences. This court will only remand for resentencing or modification if it clearly and convincingly finds that the record does not support the sentence or that the sentence is contrary to law.[5]
The trial court was justified in sentencing Humphrey to the maximum term. The court found numerous factors indicating that Humphrey was likely to recidivate, as well as two factors indicating the seriousness of Humphrey's conduct. The court did improperly find that Humphrey's conduct was more serious because his relationship with the victims, his sons, had helped to facilitate the crimes. "Nonsupport of a dependent by its definition necessarily requires a relationship between the offender and the victim, a person and his or her child."[6] A relationship between defendant and victim cannot be used to find that the defendant's conduct was more serious. The trial court should not have relied on this factor, but doing so was harmless error because other factors remained to establish the seriousness of Humphrey's conduct.
Humphrey also challenges the trial court's finding that he was not supporting four other children. Humphrey denied this on the record during the sentencing hearing. The court obtained this information from the presentence-investigation report and was justified in relying on it because sentencing hearings are specifically exempt from the rules of evidence, and because the information was reliable hearsay.[7] The court was entitled to weigh Humphrey's denial against the information in the presentenceinvestigation. Even if Humphrey's denial was truthful, any reliance on this factor was harmless error because four other factors remained to establish that Humphrey was likely to recidivate. The trial court made the necessary findings and provided supporting reasons to justify maximum sentences.
The trial court also justifiably ordered that the sentences be served consecutively. The court found that consecutive sentences were not disproportionate to Humphrey's conduct, that Humphrey posed a danger to the public, and that the harm Humphrey caused was great or unusual. The record supported these findings, and Humphrey's sentence was, therefore, not contrary to law.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] State v. Adams (1980), 62 Ohio St. 2d 151, 157, 404 N.E.2d 144.
[2] State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264.
[3] State v. Hayth (March 19, 1999), 6th Dist. No. OT-98-032.
[4] Id.
[5] State v. Comer, 99 Ohio St.3d 463, 476, 2003-Ohio-4165,793 N.E.2d 473.
[6] State v. Howard (Sept. 11, 1998), 1st Dist. No. C-971049, 1998 Ohio App. LEXIS 4192.
[7] State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291,700 N.E.2d 570.